UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEISTON R. HOLLOWAY, | ) |
| *Plaintiff*, | ) |
| *vs.* | ) No. 2:14-cv-232-JMS-DKL |
| CAROLYN W. COLVIN, *Acting Commissioner of the Social Security Administration*, | ) |
| *Defendant*. | ) |

## ENTRY REVIEWING THE COMMISSIONER'S DECISION

Plaintiff Keiston Holloway applied for Supplemental Security Income ("SSI") benefits from the Social Security Administration ("SSA") on May 13, 2011, alleging a disability onset date of June 27, 1995. [Filing No. 11-5 at 2.] His application was denied initially on July 29, 2011, and after reconsideration on November 23, 2011. [Filing No. 11-2 at 39.] Administrative Law Judge James E. Craig (the "ALJ") held a hearing on January 19, 2012, and issued a decision on March 28, 2013, concluding that Mr. Holloway was not entitled to receive benefits. [Filing No. 11-2 at 9-18.] The Appeals Council denied review, making the ALJ's decision the "final decision" subject to judicial review. [Filing No. 11-2 at 2.] Mr. Holloway has filed this civil action *pro se*, asking the Court to review his denial of benefit pursuant to 42 U.S.C. § 405(g). [Filing No. 1.]

### I.
#### BACKGROUND

Mr. Holloway was forty-seven years old when he applied for disability benefits on May 13, 2011. [Filing No. 11-5 at 2.] Mr. Holloway's previous work was as a medic in the United States Army, at a car dealership, and as a State of Indiana highway worker. [Filing No. 11-6 at 7.] He alleges a disability onset date of June 27, 1995. [Filing No. 11-6 at 2.] On his application, Mr.

Holloway listed various reasons for his alleged disability, including lower back problems, a neck injury, depression, and that he cannot sleep. [Filing No. 11-6 at 6.] He testified at the hearing before the ALJ that he is not receiving benefits from the United States Department of Veterans Affairs (the "VA") but that he receives medical treatment at the VA every six months and that it provides his prescribed medication. [Filing No. 11-2 at 28-29; Filing No. 11-2 at 31.] Mr. Holloway also testified that he had surgery in 2003 to fuse a disc and insert pins, rods, and screws in his back. [Filing No. 11-2 at 29.]

## II.
## Standard of Review

"The Social Security Act authorizes payment of disability insurance benefits and Supplemental Security Income to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). "The statutory definition of 'disability' has two parts. First, it requires a certain kind of inability, namely, an inability to engage in any substantial gainful activity. Second it requires an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last . . . not less than 12 months." *Id.* at 217.

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable

deference," overturning it only if it is "patently wrong," *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [her] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original). "If a claimant satisfies steps one, two, and three, [he] will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then [he] must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's RFC by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform his own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920(e), (g). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. *Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the

3

appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

## III.
### THE ALJ'S DECISION

Using the five-step sequential evaluation set forth by the Social Security Administration, the ALJ determined that Mr. Holloway was not disabled. [Filing No. 11-2 at 18.]

- At step one of the analysis, the ALJ found that Mr. Holloway had not engaged in substantial gainful activity[1] since his application date of May 11, 2011. [Filing No. 11-2 at 11.]

- At step two, the ALJ identified one severe impairment[2] from which Mr. Holloway suffers: degenerative disc disease of the cervical and lumbar spine status-post lumbar fusion. [Filing No. 11-2 at 11.] The ALJ found that although Mr. Holloway alleged a medically determinable mental impairment of a mood disorder, the disorder "does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities." [Filing No. 11-2 at 11.]

- At step three, the ALJ considered Listing 1.04 for degenerative disc disease, but found that Mr. Holloway did not have an impairment or combination of impairments that meet or medically equals the severity of Listing 1.04. [Filing No. 11-2 at 12.]

- At step four, the ALJ found that Mr. Holloway had the RFC to perform sedentary work, with various limitations. [Filing No. 11-2 at 12-16.] Specifically, the ALJ found that Mr. Holloway was limited to, "no continuous pushing or pulling with the upper or lower extremities; only occasional stooping, kneeling, and crouching, but never crawling; no exposure to the weather, extreme cold, wetness and humidity, vibrating surfaces, moving mechanical parts, electrical shock, or high places; and no detailed or complex work." [Filing No. 11-2 at 12.]

---

[1] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a); 20 C.F.R. § 416.972(a)-(b).

[2] An impairment is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. *See* 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c).

- In connection with step four, the ALJ relied on Mr. Holloway's activities of daily living, among other things, to conclude that "the intensity, persistence and limiting effects of these [pain] symptoms are not entirely credible." [Filing No. 11-2 at 15.] In determining this lack of credibility, the ALJ afforded no weight to the opinion of the state's consultative examiner Dr. Brater's assessment of Mr. Holloway's condition as being more severe than the other opinions cited. [Filing No. 11-2 at 16.]

- At step five, the ALJ determined that Mr. Holloway had no past relevant work, but that considering his age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that he could perform. [Filing No. 11-2 at 16-17.] The ALJ cited the vocational expert's testimony, that given his limitations, Mr. Holloway could perform the positions of final assembler, table worker, or order clerk. [Filing No. 11-2 at 17.] Based on these findings, the ALJ concluded that Mr. Holloway was not disabled. [Filing No. 11-2 at 18.]

## IV.
### DISCUSSION

Mr. Holloway is representing himself *pro se*. This Court "is 'required to liberally construe the *pro se* plaintiff's pleadings, however inartfully pleaded.'" *Terrell v. Colvin*, 2014 WL 3953713, at *1 (C.D. Ill. 2014) (quoting *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1183 (7th Cir. 1989)). That said, even in the social security context, a claimant who is *pro se* still "must present arguments supported by legal authority and citations to the record." *Cadenhead v. Astrue*, 410 F. App'x 982, 984 (7th Cir. 2011) (citations omitted). "A generalized assertion of error is not sufficient to challenge an adverse ruling, and undeveloped or unsupported contentions are waived." *Id.*

Applying this standard, the Court construes Mr. Holloway's argument to be that the ALJ erred by not taking into account the side effects of his medications, which he contends limit his

ability to work.[3] [Filing No. 13 at 3.] He lists various side effects of the medication that "may occur." [Filing No. 13 at 3.]

In response, the Commissioner contends that the ALJ properly determined Mr. Holloway's RFC and concluded that he was not entitled to disability benefits. [Filing No. 14 at 4.] She emphasizes that Mr. Holloway has "received scarce treatment" for his back pain and that the objective medical evidence, the state agency physicians' opinions, and Mr. Holloway's "extensive range of daily activities" support the ALJ's RFC. [Filing No. 14 at 5-6.] As for Mr. Holloway's argument regarding the side effects of his medication, the Commissioner points out that Mr. Holloway reported to a VA nurse in May 2011 that he was taking his medications regularly without noticing any side effects. [Filing No. 14 at 7 (citing Filing No. 11-7 at 12).] The Commissioner further contends that Mr. Holloway's cited side effects are speculative and that the ALJ accounted for any side effects by limiting Mr. Holloway to jobs that do not involve detailed or complex work. [Filing No. 14 at 7.]

When calculating the claimant's RFC, the ALJ must take into account "[t]he effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication)." SSR 96-8P, 1996 WL 374184. That said, the claimant must actually suffer from the possible side effects of

---

[3] Mr. Holloway makes a cursory argument that he cannot perform any other work in the economy as "has been acknowledged by the claimant[']s own doctors . . . ." [Filing No. 13 at 2.] Mr. Holloway does not identify any doctor who has concluded he is disabled, and he does not cite any evidence in the record for this point. [Filing No. 13 at 2.] Thus, any argument regarding the weight the ALJ gave to various physician opinions is waived. *Cadenhead*, 410 F. App'x at 984. Moreover, given that Mr. Holloway testified twice at the hearing that he was not receiving benefits from the VA, it appears that his treating physicians there have not determined that he is disabled. [Filing No. 11-2 at 28-29; Filing No. 11-2 at 31.]

the medication; speculation regarding common side effects is insufficient. *Schaaf v. Astrue*, 602 F.3d 869, 876 (7th Cir. 2010).

The Court cannot accept Mr. Holloway's challenge to the ALJ's decision based on an alleged failure to take into account side effects of Mr. Holloway's medications. As the Commissioner points out, the ALJ did in fact consider those side effects when the ALJ found that "due to the side effects of claimant's medications as well as his pain, the undersigned concludes that he should be limited to no detailed or complex work."[4] [Filing No. 11-2 at 13.] Mr. Holloway does not acknowledge the ALJ's limitation of the RFC based on certain side effects of his medications or explain why that RFC limitation is insufficient to account for the side effects from which he may suffer. Moreover, to the extent that Mr. Holloway's brief cites general side effects that "may occur" from the medications he takes, [Filing No. 13 at 4], such speculation is insufficient to establish that Mr. Holloway actually suffers from the cited side effects to any greater extent than that found by the ALJ.

For these reasons, the Court concludes that Mr. Holloway has not presented a basis for this Court to reverse the underlying decision denying his request for disability benefits. Therefore, the decision of the ALJ must be affirmed.

---

[4] The Court rejects the Commissioner's attempt to cite Mr. Holloway's representation to a nurse practitioner in May 2011 that he was "taking medications regularly without noticing any side effects." [Filing No. 14 at 7 (citing Filing No. 11-7 at 12).] The ALJ did not rely on that evidence, which would be contrary to his decision to limit Mr. Holloway's RFC based on certain side effects of medication. [Filing No. 11-2 at 13.] It is well-established that the Commissioner may not "defend the agency's decision on grounds that the agency itself had not embraced." *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010).

# V.
## CONCLUSION

"The standard for disability claims under the Social Security Act is stringent." *Williams-Overstreet v. Astrue*, 364 F. App'x 271, 274 (7th Cir. 2010). "The Act does not contemplate degrees of disability or allow for an award based on partial disability." *Id.* (*citing Stephens*, 766 F.2d at 285). "Even claimants with substantial impairments are not necessarily entitled to benefits, which are paid for by taxes, including taxes paid by those who work despite serious physical or mental impairments and for whom working is difficult and painful." *Williams-Overstreet*, 364 F. App'x at 274. Taken together, the Court can find no legal basis presented by Mr. Holloway to reverse the ALJ's decision. Therefore, the decision below is **AFFIRMED**. Final judgment shall issue accordingly.

Date: April 28, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

KEISTON R. HOLLOWAY
219 South 5th Street
Apartment B
Vincennes, IN 47591

**Electronic Distribution via CM/ECF:**

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov